## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

### CASE NO. 19-cv-61306-RAR

JEAN EMMANUEL PIERRE-LOUIS, EVENS HILAIRE, ASSADE VEDRINE, JEAN CLAUDE DORELUS, WILFRID SAINT LOUIS, ERILES MAXEAN, and WILLY SAINTIL,

      Plaintiffs,

vs.

BAGGAGE AIRLINE GUEST SERVICES, INC., a Florida corporation doing business as BAGS, and ALVARO SILVA, individually,

      Defendants.

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF BILL OF COSTS

Jean Emmanuel Pierre-Louis, *et. al.*, ("Plaintiffs"), pursuant to 28 U.S.C §1920, Fed. R. Civ. P. 54(d)(1), and S.D. Local Rule 7.3(c), file this memorandum in support of their Bill of Costs (DE 228) in the amount of **$25,668.00**.

### INTRODUCTION

Plaintiffs are the prevailing parties in this action and seek entry of an order and judgment awarding their taxable costs in the amount of **$25,668.00**.

### BACKGROUND

1.    In the instant litigation, Plaintiffs sought unpaid overtime wages under the Fair Labor Standards Act, as amended, 29 U.S.C.A § 201 et seq. ("the FLSA") (Count I), and earned unpaid wages for breach of contract, including attorneys' fees and costs under section 448.08, Florida Statutes  (Count II).

2.      On April 16, 2020, a settlement was reached at the court-ordered settlement conference.  (DE 220 & 220-1).

3.      On May 27, 2020, the Court entered an Amended Order Approving Settlement Agreement.  (DE 226).

4.      Pursuant to the Settlement Agreement and this Court's order approving the settlement, Plaintiffs are the prevailing party for purposes of attorneys' fees and costs under Count I (FLSA) and Count II (Breach of Contract), but the Court must determine the amount of such fees and costs. (DE 226).

5.      Plaintiffs intend to seek an award of its reasonable attorneys' fees and costs in accordance with: (1) the FLSA; (2) Fla. Stat. § 448.08; (3) 28 U.S.C. § 1920; and, (4) 28 U.S.C. § 1927.  A chart summarizing the taxable costs at issue herein is attached and incorporated hereto as Exhibit 1.  Only the taxable costs sought pursuant to 28 U.S.C. § 1920 are addressed in this memorandum.  Plaintiffs will address their attorneys' fees and other costs by separate motion and memorandum.

6.      In addition, Plaintiffs have filed a motion to compel mediation of the amount of their fees and costs.  (DE  222).  The motion is not fully briefed and has not been ruled on.

## MEMORANDUM OF LAW

As the prevailing parties under Count I and Count II in this action, Plaintiffs are entitled to an award of attorneys' fees under both section 216(b) of the FLSA and section 448.08, Florida Statutes. A party that prevails on a FLSA claim is entitled to reasonable attorney's fees and costs.  *See* 29 U.S.C. § 216(b) (stating that "[t]he court in such action shall ... allow a reasonable attorney's fee ... and costs of the action."). Similarly, section 448.08, Florida Statutes, states that "a prevailing party in an action for unpaid wages" may be awarded "the costs of the action and a reasonable attorney's fee."  Fla. Stat. § 448.08.

Plaintiffs are entitled to costs as the prevailing party under Rule 54(d)(1). *See Muldowney v. MAC Acquisition, LLC*, No. 09-22489-Civ, 2010 WL 3385388 *1 (S.D. Fla. July 30, 2010), report and recommendation adopted, 2010 WL 3367914 (S.D. Fla. Aug. 24, 2010)(prevailing party does not need to recover on all issues to recover costs).  A prevailing party may recover costs as a matter of course unless otherwise directed by the Court or applicable statute. *See* Fed. R. Civ. P. 54(d)(1); *see also James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 648 (S.D. Fla. 2007) (finding that the 11th Circuit has held that there is a presumption in favor of awarding costs to the prevailing party).  "The Rule creates a strong presumption in favor of awarding costs to a prevailing party." *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1257 (S.D. Fla. 2013) (*citing Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.,* 249 F. 3d 1293, 1296 (11th Cir. 2001).  "'To defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so.'" *Id.* (*citing Chapman v. AI Transport*, 229 F. 3d 1012, 1039 (11th Cir. 2000).

28 U.S.C.  Section 1920 defines taxable, i.e. recoverable costs, for prevailing parties under Rule 54(d)(1).  Federal "courts are limited to" categories of costs "specifically enumerated in 28 U.S.C. §1920." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987); *U.S. EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000); *Rozenblum v. Ocean Beach Properties*, 2006 WL 4560149 (S.D. Fla. Sept. 20, 2006).  Under 28 U.S.C. § 1920, the court can tax costs including fees of the clerk and marshal, fees for printed or electronically recorded transcripts, fees for witnesses, fees for copies of materials necessarily obtained for use in the case, and fees for court-appointed witnesses.[1]  Specifically, 28 U.S.C. § 1920 allows a court to tax as costs the following:

---

[1] "[W]hen a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment." *Georgia Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988) and *see* 28 U.S.C. § 1961.

1) Fees of the clerk and marshal;
2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
3) Fees and disbursements for printing and witnesses;
4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
5) Docket fees under section 1923 of this title;
6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*See* 28 U.S.C. § 1920.

In order to recover taxable costs, the prevailing party must file a bill of costs pursuant to Local Rule 7.3(c) within 30 days of final judgment, including a memorandum supporting such taxable costs. *Muldowney v. MAC Acquisition, LLC*, No. 09-22489-Civ, 2010 WL 3385388 *1 (S.D. Fla. July 30, 2010), report and recommendation adopted, 2010 WL 3367914 (S.D. Fla. Aug. 24, 2010). Once the prevailing party files a bill of costs under Local Rule 7.3(c), the opposing party has the burden of showing that costs requested fall outside the scope of 28 U.S.C. § 1920 or are otherwise unreasonable. *See Diaz v. AIG Mktg., Inc.*, No. 09-60011-Civ, 2010 WL 2541872, at *2 (S.D. Fla. June 1, 2010) (Torres, J.), report and recommendation adopted, 2010 WL 2541111 (S.D. Fla. June 22, 2010). Reasonableness of a cost is measured at the time the cost is incurred. *See U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000). The losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party. *See Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009).

### A.    <u>Fees of the Clerk</u>

Plaintiffs seek the filing fees in this action. The fee was $400.00 and the Clerk's receipt of payment is evidenced on the docket. (DE 1). This cost is recoverable under 28 U.S.C. § 1920(1) as "[f]ees of the clerk." *See James*, 242 F.R.D. at 649; *see also Nelson v. N. Broward Med. Ctr.*,

No. 12-61867-CIV, 2014 WL 2195157, at *2 (S.D. Fla. May 27, 2014) (taxing removal costs as "fees of the clerk").

    **B.**    **Process Server Costs**

Plaintiffs seek the cost of the process server to serve the summons and Complaint on Defendant, Baggage Airlines Guest Services, Inc. ("BAGS") in this action.  The cost of the process server to serve BAGS was $100.00, along with $5.10 for the cost of printing the complaint and summons.  This cost is recoverable under 28 U.S.C. § 1920(1) as "[f]ees of the marshal."  *See U.S. EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (court held that "private process server fees may be taxed pursuant to §§ 1920 and 1921.");  *see also* 28 U.S.C. § 1921(a)(1)(A); and, *James*, 242 F.R.D. at 649.  In addition, the $5.10 is a recoverable printing cost under 28 U.S.C. § 1920(3).

In addition, during the course of the litigation, Plaintiffs served subpoenas on a number of witnesses, including Ceridian's corporate representative, Ceridian's Records Custodian, Delta Airlines, Richard Lacroix (supervisor for Delta Airlines), and Broward County Aviation Department.  The total process server costs relating to service of these subpoenas is $660.00.  Plaintiffs took the deposition of the Ceridian witnesses and the Delta witness, as outlined below.  Ceridian was the company engaged by Defendants to maintain employment time records and payroll data.  Plaintiffs primarily serviced the Delta Airline terminals and gates.  Further, Broward County Aviation Department controls the Fort Lauderdale/Hollywood Airport where Plaintiffs worked, so it was served with a subpoena for inspection of the Fort Lauderdale/Hollywood Airport.  Such inspection occurred on December 2, 2019, and Defendants attended and participated in such inspection.  These costs are recoverable under 28 U.S.C. § 1920(1) as "[f]ees of the marshal."  *See U.S. EEOC*, 213 F.3d at 620; *see also* 28 U.S.C. § 1921(a)(1)(B).

### C. <u>Transcripts</u>

28 U.S.C. § 1920(2) permits the Court to tax costs "for printed or electronically recorded transcripts necessarily obtained for use in the case."  Plaintiff seeks $22,266.15 in transcription costs for depositions.  *See, e.g., Powell v. The Home Depot, U.S.A., Inc.*, 07-80435-CIV, 2010 WL 4116488, at *10 (S.D. Fla. Sept. 14, 2010) ("Under section 1920(2), costs for transcripts may be awarded regardless of whether the transcripts were for pre-trial hearings, post-trial hearings, or the trial itself."); *see also James*, 242 F.R.D. at 650.

### 1. <u>Depositions Transcripts</u>

As long as a deposition is taken within the proper bounds of discovery, it is generally taxable. *James*, 242 F.R.D. at 650 (citations omitted); *see also Joseph*, 950 F. Supp. 2d at 1258-59 (court reporter appearance fee is taxable).  "The burden is on the party opposing taxation to demonstrate that the depositions were "not 'related to an issue which was present in the case *at the time the deposition was taken*."'" *see also James*, 242 F.R.D. at 650 (citations omitted)(emphasis added); *see also W&O, Inc.*, 213 F.3d at 621.

Plaintiffs seek the costs of the deposition transcripts in this case in the amount of $21,450.95.  Collectively, the parties took eighteen (18) depositions of fifteen (15) witnesses in this case.  Defendants took the deposition of the seven (7) Plaintiffs, as well as Plaintiffs' expert witness.  Plaintiffs took the depositions of Defendants BAGS and Alvaro Silva, with multiple depositions of Defendants due to Defendants' delayed production of documents and other discovery violations.

All of the depositions were used in the case for purposes of summary judgment or other motions.  *See Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258 (S.D. Fla. 2013) (deposition relied upon for summary judgment are taxable).  Attached as Exhibit 2 is a chart identifying the Court's docket entry number, wherein the particular transcript was actually filed in

this action and used by the parties in this case.  Plaintiffs are entitled to recover such costs given that the deposition transcript were used in the case.

Further, if a witness is identified on an opposing parties' witness list, it is generally considered reasonable.  *See James*, 242 F.R.D. at 650.  All of the depositions are of witnesses, except Plaintiffs' expert witness, identified on *both* parties' trial witness lists.  (Compare DE 137-3; DE 137-4, #1-14).   Thus, the costs of the deposition transcripts in this action are recoverable costs under 28 U.S.C. § 1920.

      2.    <u>Video Depositions</u>

Plaintiffs took video depositions of Defendants and other non-party witnesses.  Costs of video depositions are properly taxable under § 1920(2).  *See Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 466 (11th Cir. 1996). The taking of a videotaped deposition of a defendant is both a routine and reasonable practice in Miami-Dade County.   *See* Hr'g Tr., March 5, 2020, DE 190-3, at p. 23/86:7-19; *see also W&O, Inc.*, 213 F.3d at 621 (measuring the reasonableness of costs for purposes of § 1920 at the time the costs are incurred).  Indeed, the video deposition of Alvaro Silva was used in a discovery hearing before the Magistrate on January 28, 2020.  Further, at Calendar Call on March 10, 2020 [DE 171], the Court expressed an interest in using video-depositions at trial, especially given that the COVID-19 issues were already concerning to the parties.  Thus, the cost of the  invoices are fair and reasonable taxable costs incurred for depositions taken in this case.  *See Morrison*, 97 F.3d at 466.

      3.    <u>Hearing Transcripts</u>

Hearing transcripts are taxable if they are necessarily obtained for use in the case.  *See Powell*, 2010 WL 4116488, at *10; *see e.g., Bd. of Directors, Water's Edge v. Anden Group*, 135

F.R.D. 129, 137 (E.D. Va. 1991) (taxing hearing transcripts); *Kaimowitz v. Howard*, 547 F. Supp. 1345, 1352 (E.D. Mich. 1982) (taxing transcript of summary judgment hearing).

Plaintiffs seek the costs of transcripts of the multiple discovery hearings held on January 28, 2020, February 5, 2020, and March 5, 2020, as well as the hearing of the calendar call on March 10, 2020.  DE 190-1, 190-2, 190-3 & 171.  Although the Magistrate Judge entered multiple orders following such hearings, some of her rulings were *ore tenus*, and thus, these transcripts contain the magistrate's legal reasoning which goes beyond what is contained in the order.  The transcripts were ordered so counsel could have a record of the court's legal analysis.  *See Anden Group*, 135 F.R.D. at 137 (counsel reasonably ordered transcripts were court made *ore tenus* rulings).  Further, the transcripts were used **by both parties** in their respective filed objections appealing the Magistrate Judge's order.  DE 193 & 195.  The costs of such transcripts is $656.70.

Further, Plaintiffs seek recovery of the cost of the transcript of the settlement conference in the amount of $158.50.  This transcript was used to obtain approval of the parties' settlement agreement from the Court, and it was filed with the joint motion submitted by the parties.  (DE 220 & 220-1).

Therefore, the costs of the foregoing hearing transcripts are taxable to Defendants.

**D.    Copy Costs**

Copy costs are recoverable under 28 U.S.C. § 1920(4); *see also James*, 242 F.R.D. at 651. Plaintiffs seek the cost of three (3) copies of the exhibits used during the depositions taken by Plaintiffs in the case, i.e. one copy for Defendants, one copy for Plaintiffs, and one copy for the court reporter as the official copy.  A chart of such depositions and the exhibits for each deposition is specifically identified on Exhibit 3.  The costs of the copies is $1,841.75.

Courts in the Southern District have also found that photocopy fees of 25 cents per page are reasonable and properly taxable.  *See Florida Pawnbrokers & Secondhand Dealers Ass'n, Inc.*

*v. City of Fort Lauderdale, Fla.*, 711 F. Supp. 1084, 1086 (S.D. Fla. 1989); *but see Ali v. Prestige Window & Door Installation, LLC*, 626 F.Supp.2d 1259 (S.D. Fla. 2009)(19 cents per page is reasonable); *Joseph*, 950 F. Supp. 2d at 1260 (10 cents per page is reasonable).

      **E.**    **Interpreter**

The "compensation of interpreters" is recoverable under 28 U.S.C. § 1920(6). *See Direct Niche, LLC v. Via Varejo S/A*, Case No. 15-CV62344, 2018 WL 3672227 *1 (S.D. Fla. May 8, 2018) (*citing Taniguchi v. Kan Pac, Saipan, Ltd.*, 566 U.S. 560 (2012). Most of the Plaintiffs speak Creole as their first language, and Plaintiffs' ability to speak and understand English varies by Plaintiff and is in some ways limited, particularly as it relates to legal proceedings. Plaintiffs' counsel do not speak Creole. Thus, a Creole interpreter was necessary during this case, and Plaintiffs seek recovery of the interpreter costs in the amount of $385.00. Specifically, Plaintiffs engaged an interpreter during the court-ordered settlement conference on April 16, 2020 (DE 202 & 207), in order to provide an oral translation of the settlement proceedings, including the offers exchanged between the parties. Thus, such cost is taxable under 28 U.S.C. § 1920(6), and Plaintiff seek recovery of this cost in the amount of $385.00.

**CONCLUSION**

Based on the foregoing, Plaintiffs are entitled to their taxable costs referenced herein pursuant to 28 U.S.C §1920.

WHEREFORE, Plaintiffs request that this Court enter an order and judgment in favor of Plaintiffs and against Defendants for the taxable costs referenced herein in the total amount of $25,668.00, as well as any other relief deemed fair and just.

## LOCAL RULE 7.1/7.3 CERTIFICATION OF GOOD FAITH CONFERRAL

In accordance with Local Rule 7.1(a)(3) & 7.3(c), S.D. Fla. L.R., undersigned counsel hereby certifies that they conferred with counsel for Defendants by email and phone, including on May 13, 2020, Plaintiffs provided Defendants with a summary the costs referenced herein, as well as the back-up for such costs.  No agreement was reached.

Respectfully submitted,

THE ALDERMAN LAW FIRM
*Counsel for Plaintiffs*
9999 NE 2nd Avenue, Suite 211
Miami Shores, Florida 33138
Telephone:     305-200-5473
Facsimile:     305-200-5474
Email:  jalderman@thealdermanlawfirm.com
          kjohnson@thealdermanlawfirm.com

By: */s/ Kristy M. Johnson*
      Jason R. Alderman
      Florida Bar No. 172375
      Kristy M. Johnson
      Florida Bar No. 144282
      Troy A. Tolentino
      Florida Bar No. 117981

      and
      CRISTINA ALONSO
      Florida Bar No. 327580
      E-mail: alonso@alonsoappeals.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 3, 2020, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF filing system, which will send notification of such filing to all attorneys of record.

By: */s/ Kristy M. Johnson*
      Kristy M. Johnson

00044743.DOCX. 3