# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19-cv-61306-RAR

JEAN EMMANUEL PIERRE-LOUIS, *et al*.,

    Plaintiffs,

v.

BAGGAGE AIRLINE GUEST SERVICES,
INC., *et al*.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION[1] ON MOTION FOR COSTS

THIS MATTER is before the Court on Plaintiffs' Jean Emmanuel Pierre-Louis, Evens Hilaire, Assade Vedrine, Jean Claude Dorelus, Wilfrid Saint Louis, Eriles Maxean, and Willy Saintil ("Plaintiffs") Bill of Costs (the "Motion"). ECF No. [228]. Plaintiffs also filed a Memorandum in Support of their Bill of Costs. ECF No. [229]. Baggage Airline Guest Services, Inc. ("BAGS") and Alvaro Silva, ("Defendants"), then filed their Response in Opposition to the Motion, ECF No. [236], and Plaintiffs filed their Reply, ECF No. [239]. A hearing on the Motion was conducted before the undersigned on October 29, 2020. ECF No. [289]. After due consideration of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby **RECOMMENDED** that Plaintiffs' Motion, ECF No. [228], be **GRANTED** and that Plaintiffs be awarded a total of **$24,541.90** in costs.

---

[1] The Motion was referred to the undersigned to take all action as required by law. ECF No. [269].

1

**I.     BACKGROUND**

On September 13, 2019, Plaintiffs filed an Amended Complaint against their former employer, SP PLUS[2] and BAGS, and one of its managers, Alvaro Silva, for overtime violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA") (Count I), breach of contract for recovery of earned unpaid wages (Count II), and violation of the Broward County Living Wage Ordinance, Broward County, FL Code of Ordinances § 26-100, *et seq.* (Count III).  ECF No. [48].

Although the parties were ordered to participate in a settlement conference before a Magistrate Judge and were ordered to mediate as part of the regular administration of an FLSA case, it appears that no settlement of the matter was entertained by Defendants until after the Court's decision on summary judgment.  At the summary judgment stage, the Court initially entered summary judgment in favor of Defendants on Counts II and III.  ECF Nos. [146], [147]. However, the Court later filed an Amended Partial Final Judgment holding in Defendants' favor only on Count III and finding disputed issues of fact precluding summary judgement on both Counts I and II.  ECF No. [174].

Thereafter, the jury trial, which was initially scheduled for March 31, 2020, was continued due to the COVID-19 pandemic.  ECF Nos. [171], [201].  Plaintiffs requested a Settlement Conference before the undersigned during a telephonic hearing on April 6, 2020, and the District Court ordered the parties to attend a settlement conference before the undersigned.  ECF No. [202].

On April 16, 2020, during the court-ordered settlement conference, the parties reached an agreement ("Settlement Agreement").  ECF No. [202].  The material terms of the Settlement Agreement are as follows: (1) Defendants shall pay Plaintiffs a total sum of $22,500.00 in

---

[2] On October 24, 2019, the parties agreed to a Joint Stipulation of Dismissal against Defendant SP Plus Corporation.  ECF No. [59].

settlement of Plaintiffs' wage claims in an allocation to be provided by Plaintiffs; (2) Plaintiffs are the prevailing parties under Count I (FLSA) and Count II (Breach of Contract) for purposes of entitlement to attorneys' fees and costs; (3) the amount of such attorneys' fees and costs was to be determined by the Court; and (4) Defendants waive any and all claims for entitlement to any attorneys' fees or costs against Plaintiffs, but Defendants do not waive the right to argue, in response to Plaintiffs' request for attorneys' fees and costs, that they prevailed as to Count III. ECF No. [220-2] at 2. After approving the Settlement Agreement, as required by the FLSA, this Court dismissed the case with prejudice and retained jurisdiction, as requested by the parties, to determine the amount of attorneys' fees and costs that were reasonable. ECF No. [221].

## II. THE BILL OF COST

Plaintiffs argue that, as a prevailing party in an FLSA case, they are entitled to an award of attorneys' fees and costs under 29 U.S.C. § 216(b) and section 448.08 of the Florida Statutes. ECF No. [229] at 2; *see* 29 U.S.C. § 216(b) ("[t]he court in such action shall . . . allow a reasonable attorney's fee . . . and costs of the action"), Fla. Stat. § 448.08 (stating that "a prevailing party in an action for unpaid wages" may be awarded "the costs of the action and a reasonable attorney's fee."). Based on the recitation of recoverable costs listed in Section 28 U.S.C. § 1920, Plaintiffs' Bill of Cost seeks $25,668.00 for the following expenses: (1) $400.00 for fees of the clerk, (2) $770.00 for summons and subpoena costs, (3) $22,266.15 in transcript-related costs, (4) $5.10 in disbursement for printing costs, (5) $1,841.75 in copy costs, and (6) $385.00 for interpreters. ECF No. [228] at 1.

In their Opposition, Defendants argue that the Court should not award Plaintiffs any of their costs or, in the alternative, that the Court should significantly reduce any award due to Plaintiffs' limited recovery. ECF No. [236] at 3–4. In support of their argument that Plaintiffs are

3

not entitled to any cost, Defendants argue that Count III, on which they prevailed, was thirty times more valuable than Plaintiffs' recovery on Counts I and II. *Id.* at 4. Because the recovery was so limited, Defendants advance the theory that Plaintiffs should not recover any of their costs. In the alternative, Defendants argue that Plaintiffs' costs are excessive, unnecessary, and unrecoverable. *Id.* at 4–5. Specifically, Defendants dispute: (1) copying charges of twenty-five cents per page; (2) transcript fees of up to $9.60 per page; (3) "rush" fees for service of process made; and (4) process server fees in excess of what Plaintiffs would have paid to the U.S. Marshal, and for which Plaintiffs have not provided proper invoices. *Id.* at 4–6.

In their Reply, Plaintiffs reasserted their entitlement to costs and stated that Defendants' arguments run contrary to the parties' Settlement Agreement and this Court's Order approving those terms, which included that Plaintiffs were prevailing parties as to Counts I and II. ECF No. [239] at 4–5. As such, the fact that Plaintiffs did not prevail on Count III does not mean they are not prevailing parties in this action or that they are not entitled to recover their costs. *Id.* at 5–6. As to Defendants' specific objections to certain costs, Plaintiffs countered, agreeing to remove the rush fees, but argued that: (1) copy charges of ten to twenty-five cents per page are reasonable in this District; (2) the invoices for transcription services reflect transcription charges of $4.80 per page with additional fees associated with attendance, e-transcript, and overtime and videotaping; and (3) that process server fees reflect that the process server charged $65.00 or less per item which is consistent with 28 C.F.R. § 0.114(a)(3). *Id.* at 8–10.

### III. ANALYSIS

There is a "strong presumption" in favor of awarding costs to prevailing parties. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). Indeed, a prevailing party may recover costs unless otherwise directed by the Court or applicable statute. Fed. R. Civ. P. 54(d)(1). To be a

prevailing party, one need only obtain some relief on the merits of his claim. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603–05 (2001) (a prevailing party needs a judgment or consent decree to prove that there has been an "alteration in the legal relationship of the parties.").

Congress has delineated which costs are recoverable under Federal Rule of Civil Procedure 54(d), and the Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 440–44 (1987). The specific costs which may be awarded are set forth in 28 U.S.C. § 1920, as follows:

(1)  Fees of the clerk and marshal;
(2)  Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3)  Fees and disbursements for printing and witnesses;
(4)  Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5)  Docket fees under section 1923 of this title;
(6)  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. If the losing party challenges the requested costs, the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost lies within the exclusive knowledge of the prevailing party. *Licausi v. Symantec Corp.*, No. 08-60544-CIV, 2009 WL 3177566, at *1 (S.D. Fla. Sept. 29, 2009).

**A.   Plaintiffs, As The Prevailing Party, Are Entitled To Their Costs.**

As a preliminary matter, the undersigned finds that Plaintiffs, as the prevailing parties in this action, are entitled to their costs. *See* Fed. R. Civ. P. 54(d)(1), 28 U.S.C § 1920. ECF No. [289]. Indeed, the Settlement Agreement entered into by the parties, and approved by the Court, included an agreement that "Plaintiffs are the prevailing parties under Count I (FLSA) and Count

II (Breach of Contract) of the Amended Complaint, [ECF No. 48], for purposes of entitlement to reasonable attorneys' fees and costs." ECF No. [226] at 2.

Defendants do not appear to dispute this; however, they argue that Plaintiffs' success as to Counts I and II was so insignificant as compared to Defendants' success as to Count III that Plaintiffs' costs should not be awarded. To be clear, Defendants are not arguing that these costs were unrelated to the success of Counts I and II, but rather that the costs associated with litigation, for which the parties *agree* Plaintiffs prevailed, should not be paid because Plaintiffs did not prevail on Count III, which was monetarily more valuable than those on which they did prevail.

The Court finds this argument entirely unpersuasive. Putting aside the argument, for purposes of the Bill of Costs, of what the respective value of each count might have been, Plaintiffs' failure to prevail on some counts does not vitiate their right to recover their costs on other count when the parties agreed that Plaintiffs were the prevailing party. .

Second, to the extent that Defendants' argument is not that Plaintiffs are not entitled to recover, but rather, that their entitlement to cost should be reduced to zero given Plaintiffs' limited recovery, the Court finds that argument equally unpersuasive. Plaintiffs' lack of success on Count III does not vitiate their right to those costs that were necessary to the prosecution of claims for which they did in fact prevail. Indeed, as Plaintiffs note in their Reply, an award of costs is appropriate even when the prevailing party only had limited success on the claims advanced. ECF No. [239] at 6; *see Tillman v. Advanced Pub. Safety, Inc.*, No. 15-CV-81782, 2018 WL 5768570, at *1 (S.D. Fla. Nov. 2, 2018), *report and recommendation adopted*, No. 15-81782-CIV, 2018 WL 6424899 (S.D. Fla. Nov. 21, 2018) (holding that prevailing party was entitled to costs under the ambit of 28 U.S.C. § 1920 even though it prevailed on only some claims), *Daniel-Rivera v. Everglades Coll.*, No. 16-60044-CIV, 2017 WL 5197509, at *3 (S.D. Fla. June 16, 2017), *report*

*and recommendation adopted*, No. 0:16-CV-60044-WPD, 2017 WL 5197949 (S.D. Fla. June 30, 2017) (prevailing party was entitled to and awarded costs despite the fact that it did not prevail on all claims and had only "nominal success in light of the relief sought"). As noted above, given that Defendants are not arguing that these costs were related to Count III, the fact that Defendants prevailed on Count III is of no consequence because, as Plaintiffs attest, "[t]he costs at issue were all necessarily incurred in prosecuting [Counts I and II]." ECF No. [239] at 7–8. Indeed, even if the Court was going to allocate costs based on the Counts for which the parties prevailed, this would not be possible.[3]

Defendants' reliance on *United States v. Terminal Transp. Co.*, 653 F.2d 1016, 1022–23 (5th Cir. 1981), *Leonard v. The Momentum Grp., Inc.*, No. 1:14-CV-01074, 2016 WL 4506799, at *2 (N.D. Ga. June 13, 2016), and *Rosser v. Pipefitters Union Local 392*, 885 F. Supp. 1068, 1072 (S.D. Ohio 1995) is misplaced as none of these cases stand for the proposition that a party is not entitled to cost when it only prevailed on some counts, nor do they stand for the proposition that a limited recovery should result in the prevailing party receiving none of their costs. In *Leonard*, defendants prevailed on federal law claims but certain state law claims were still pending. 2016 WL 4506799, at *5–6. The court was able to discern which costs concerned the federal claims and which concerned the pending state claims and awarded costs that were related to the claims on which the party had prevailed. *Id.* at *6. Here, however, Defendants cannot and do not segregate any costs as relating only to Count III. Likewise, in *Terminal Transp.*, the Fifth Circuit held that only a one-half special masters fee should be taxed against the defendant when the

---

[3] Defendants make substantially the same argument in their Opposition to Plaintiffs' Motion for Attorneys' Fees, ECF No. [272] at 25. However, the undersigned finds that such argument is more appropriate in determining the amount of the reasonable attorneys' fee and will be addressed by the undersigned in its forthcoming Report and Recommendation on Plaintiffs' Motion for Attorneys' Fees.

plaintiff prevailed in only nine out of fifteen claims. *Terminal Transp.*, 653 F. 2d at 1021–22. The court noted that the fact that "plaintiffs were not successful on all claims does not defeat their status as prevailing parties or the taxation of cost . . . ." *Id.* at 1021. For Defendants, at best, the case supports the undisputed proposition that costs *may* be reduced by an exercise of the court's discretion. However, the case provides little comfort to Defendants otherwise as the court in that case provided no reasoning for its apportionment of the fee in that way. Finally, in *Rosser*, where the court determined that each party should bear their own costs, the court, after presiding over a five and a half week bench trial, found that "the case was close and difficult" and that defendants had "received a great benefit from the litigation and vindication of its practices and procedures which were questioned by the EEOC." 885 F. Supp. at 1072. The facts here could not be any more different in that the parties settled the matter, agreed that Plaintiffs prevailed on Counts I and II, and there has been no argument that the costs were unrelated to those claims.

Moreover, the fact that Plaintiffs' recovery is slightly less than the costs incurred by counsel is not a basis, without more, to discount the costs. Indeed, if it were, there would be an entire swath of wage cases that would not be pursued because their "value" was less than the cost of successfully litigating them. That is simply not the law. The Court declines to find that the amount recovered by a party pursuant to a settlement agreement is sufficient to deny the prevailing party those costs that were necessary to prosecute the claims on which they prevailed where the items for which the prevailing party seeks reimbursement were necessary to prevail on their claims. As such, the undersigned finds that Plaintiffs are entitled to their costs.

### B. Costs Should Be Awarded In The Amount Of $24,541.90.

Having determined that Plaintiffs are entitled to their costs, the next question is the amount of taxable costs to which Plaintiffs are entitled. The Court will consider each category:

### *(1) $400.00 For Fees Of The Clerk*

The $400.00 for the filing fees are not contested, and therefore, will be awarded.

### *(2) $770.00 For Summons And Subpoena Costs*

Defendants dispute this charge on two grounds. First, Defendants dispute the process of server fees to the extent such fees were in excess of what Plaintiffs would have paid to the U.S. Marshals. ECF No. [236] at 6. Second, Defendants state that "rush" fees were unnecessarily charged for each service of process made. *Id.* at 5. In addressing the first dispute, the Court finds that the process server fees, ECF No. [228] at 8–9, reflect that the process server charged $65.00 or less per item, which is consistent with what the U.S. Marshals charge under 28 C.F.R. § 0.114(a)(3). *See* ECF No. [239] at 8–9. Therefore, there shall be no reduction on that basis. To the second issue, Plaintiffs already agreed to deduct $390.00 for any "rush" charges. ECF No. [239] at 9. Therefore, the final amount to be awarded for summons and subpoena costs is $380.00.

### *(3) $22,266.15 In Transcript-Related Costs*

Defendants do not dispute the necessity of the transcripts but dispute that these transcript-related costs, ECF No. [228] at 22–67, are up to "$9.60 per page . . . even though courts in this district have repeatedly held that fees of more than $4.02 per page . . . are excessive." ECF No. [236] at 4–5. Plaintiffs counter that the invoices for transcription services "generally reflect transcription charges of $4.80 per page," however, there may be higher or additional fees associated with attendance, e-transcript, overtime, and videotaping. ECF No. [239] at 9. Although courts in this District have rejected rates above the standard rate of $4.02*, see Patsalides v. City of*

9

*Fort Pierce*, No. 15-14431-CIV, 2017 WL 10402989, at *4 (S.D. Fla. Sept. 20, 2017), *report and recommendation adopted*, No. 15-14431-CIV, 2017 WL 10402991 (S.D. Fla. Nov. 22, 2017) (rejecting the $7.00 per page charge for a transcript that was non-expedited), a stenographer's attendance fee is taxable and recoverable and the court may exercise its discretion to award them at a higher rate. *Am. Home Assurance Co. v. RAP Trucking Inc.*, No. 09-80020-Civ, 2010 WL 1573917, at *3 (S.D. Fla. Mar. 23, 2010) (based on the fact that a breakdown of amounts charged for un-reimbursable services, such as shipping, exhibits, and condensed transcripts was not provided, stenographic costs were recovered at only $4.02). Video depositions are likewise properly taxable costs under 28 U.S.C. § 1920. *Morrison v. Reichhold Chemicals Inc.*, 97 F.3d 460, 464–66 (11th Cir. 1996) (prevailing party could recover costs for videotaped depositions provided they could show necessity of the costs). Plaintiffs explain that deposition transcript, video deposition, and hearing transcript costs are included in the total for transcript costs. ECF No. [229] at 6–8. In addition, invoices for the transcription services are provided showing a breakdown of transcription services, including the number of pages, price of attendance based on the number of hours, and costs associated with videotaped depositions. ECF No. [228] at 22–67. Defendants as well as Plaintiffs benefited from these services and Defendants do not dispute the necessity of these transcripts or videotaped depositions. Based on its discretionary authority, the Court will not reduce the transcript-related cost. Defendants fails to make any specific argument as to why the cost was not reasonable as to any given entry, and the Court declines to reduce this cost as there appear to be good faith reasons why a certain transcript might have been more expensive than the standard rate.

### *(4) $5.10 In Disbursement For Printing Costs*

The $5.10 in fees and disbursements for printing the complaint and summons, ECF No. [228] at 3, are not contested and will be awarded.

### *(5) $1,841.75 In Copy Costs for Deposition Exhibits*

Defendants dispute the copy charges of twenty-five cents per page for deposition exhibits as being excessive. ECF No. [236] at 4; *see* ECF No. [228] at 5. Plaintiffs counter that the charge of twenty-five cents is appropriate. ECF No. [239] at 10. This Court finds that twenty-five cents per page for in-house copy fees is not reasonable, and instead awards fifteen cents per page as reasonable for the deposition copy costs. *See Arnold v. Heritage Enterprises of St. Lucie, LLC*, No. 13-CV-14447, 2017 WL 8794776, at *3 (S.D. Fla. Sept. 21, 2017), *report and recommendation adopted*, No. 13-CV-14447, 2018 WL 1795446 (S.D. Fla. Jan. 11, 2018) (finding that ten to fourteen cents per page is the usually assessed copy charge in this District); *Fla. Pawnbrokers & Secondhand Dealers Ass'n, Inc. v. City of Fort Lauderdale, Fla.*, 711 F. Supp. 1084, 1086 (S.D. Fla. 1989) (copy charges of ten to twenty-five per page are reasonable). Therefore, this cost is reduced to $1,105.65.

### *(6) $385.00 For Interpreters*

The amount of $385.00 for interpreters, ECF No. [228] at 5, is not contested, and the Court finds it is reasonable and will be awarded.

### IV.    RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that the Motion, ECF No. [228], be **GRANTED** and Costs in the amount of **$24,541.90** be awarded.

## V.      OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court Judge for the Southern District of Florida, within FOURTEEN (14) DAYS of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

DONE AND SUBMITTED in Chambers at Miami, Florida, this 26th day of January, 2021.

_____
**JACQUELINE BECERRA**
**United States Magistrate Judge**