UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 19-cv-61306-RAR/Becerra

JEAN EMMANUEL PIERRE-LOUIS, *et al.*

    Plaintiffs,

v.

BAGGAGE AIRLINE GUEST
SERVICES, INC., *et al.*

    Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** came before the Court on Plaintiffs' Motion for Order to Show Cause, Entry of Final Judgment, and for Attorneys' Fees. ECF No. [320]. Defendants filed a Response in Opposition, ECF No. [321], and Plaintiffs filed a Reply, ECF Nos. [329], [330]. On January 5, 2022, the Parties appeared for a hearing on this matter. ECF No. [338]. Upon due consideration of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby **RECOMMENDED** that Plaintiffs' Motion be **GRANTED IN PART AND DFENIED IN PART**.

### I.  BACKGROUND

This is an FLSA case that was settled on April 16, 2020. ECF No. [211]. On May 4, 2020, the District Court entered its Order Approving Settlement Agreement and Dismissing Case with Prejudice, retaining jurisdiction "to enforce the terms of the Settlement Agreement and to adjudicate entitlement to reasonable attorneys' fees and costs." ECF No. [221] at 2. On February

---

[1] This matter was referred to the undersigned by the Honorable Rodolfo A. Ruiz, United States District Judge. ECF No. [322].

16, 2021, the District Court affirmed and adopted the undersigned's Report and Recommendation on Motion for Costs, ECF No. [306], directing Plaintiffs "to prepare and submit to the Court a proposed Final Judgment awarding taxable costs after conferring with Defendants." ECF No. [311] at 2. Thereafter, on March 2, 2021, the District Court entered its Final Judgment for Taxable Costs in favor of Plaintiffs for:

> Twenty-Four Thousand Five-Hundred Forty-One Dollars and 90/100 ($24,541.90) in costs, plus prejudgment interest at the rate of 3.58% from May 20, 2020 in the amount of $236.01, for a total judgment of Twenty-Four Thousand Seven-Hundred Seventy-Seven Dollars and 91/100 ($24,777.91). The total judgment shall bear interest henceforth at the rate of 3.58% as set forth in 28 U.S.C. § 1961, for which sum let execution issue.

ECF No. [313] (emphasis and footnote omitted).

On August 20, 2021, the District Court affirmed and adopted the undersigned's Report and Recommendation on Plaintiffs' Motion for Attorneys' Fees and Non-Taxable Costs, ECF No. [316], again directing Plaintiffs to prepare and submit a proposed final judgment after conferring with Defendants. ECF No. [318] at 2.

## II.    THE INSTANT MOTION

Plaintiffs state that they were unable to submit a proposed final judgment as required because Defendants "failed to confer on the form of a proposed Final Judgment for attorneys' fees" and have failed to make any payments. ECF No. [320] at 1–2. As such, Plaintiffs request the entry of an order directing Defendants "to show cause as to why they should not be sanctioned for failing to confer on entry of final judgment[,] . . . entering Plaintiffs' form final judgment[,] [and] awarding Plaintiffs' attorneys' fees in the amount of $770.00 . . . ." *Id.* at 7.

Defendants filed a Response stating that despite the District Court's August 20, 2021 Order requiring conferral, Plaintiffs' first conferral attempt was not until November 1, 2021. ECF No. [321] at 1. As such, Defendants argue that their two-and-a-half-week delay in responding to

Plaintiffs' protracted attempts to confer is not as egregious as Plaintiffs suggest. *Id.* at 3. In addition, Defendants argue that Plaintiffs are not entitled to any pre-judgment interest and that if any post-judgment interest is imposed, it should be set at 0.15%, the Treasury yield promulgated by the Federal Reserve on the date the instant Motion was filed. *Id.* at 3–5.

Subsequently, Plaintiffs filed a Reply. ECF Nos. [329], [330]. Therein, Plaintiffs argue that they are entitled to pre-judgment interest under Florida law *and* federal law. ECF No. [330] at 4. However, Plaintiffs state that they no longer seek an interest rate of 3.58% as was previously agreed for the Final Judgment on Taxable Costs. *Id.* at 4 n.2. Instead, they now seek the higher rate permitted under Florida law of 6.66% and 4.81% per annum. *Id.* at 7.

### III.    ANALYSIS

To be clear, the issues before the Court are not difficult, are not the subject of any unclear legal precedent, and should not have led to ***any*** further litigation. Regrettably, the filings after the Court determined the attorneys' fees amount are entirely consistent with the overly litigious and unnecessarily contentious manner in which counsel for the Parties have handled this case. Hopefully, this will be the end of it.

There are only three issues before the Court. The first issue is whether an order awarding attorneys' fees in an FLSA case is subject to pre-judgment and post-judgment interest. Defendants argue that pre-judgment interest is not recoverable on FLSA judgments awarding damages to a plaintiff, and that this includes judgments awarding attorneys' fees. ECF No. [321] at 4. Defendants, however, have not provided ***any*** authority in support of this contention, nor could they. Courts in this District routinely award pre-judgment and post-judgment interest on attorneys' fees judgments in FLSA cases. *See* Final Judgment, *Toro v. Magnum Construction Services, Inc.*, No. 19-cv-62672-RS (S.D. Fla. Dec. 28, 2020), ECF No. [58] (entering judgment for attorneys'

3

fees and costs "with interest at the statutory rate from the date of [the] judgment"); Final Judgment, *Valley v. Ocean Sky Limo*, No. 14-cv-80816-RLR (S.D. Fla. Feb. 2, 2015), ECF No. [35] (awarding attorneys' fees and costs plus pre-judgment and post-judgment interest in accordance with 28 U.S.C. § 1961).

Moreover, in this case, Defendants agreed to pre-judgment and post-judgment interest on the costs that were previously awarded to Plaintiffs. The same logic would have applied to the costs award and Defendants' argument at the hearing that they did object to interests for the costs because the amounts at issue were small is unconvincing given that every issue that could and could not have been litigated in this case was in fact litigated. There is simply no merit to the argument that the FLSA or any other statute limits the Court's discretion to award interest on this attorneys' fees award. As such, it is within the Court's discretion to award interest here. *See Werner Enters., Inc. v. Westwind Mar. Intern., Inc.*, 554 F.3d 1319, 1328 (11th Cir. 2009) (noting that the award of pre-judgment and post-judgment interest is to be determined by federal courts within their discretion). The Court sees no reason why pre-judgment and post-judgment interest should not be awarded, and Defendants' only argument, that they are barred in FLSA cases, has no legal basis, and is rejected.

Having determined that Plaintiffs are entitled to pre-judgment and post-judgment interest on a final judgment for attorneys' fees, the Court next considers the dates during which interest would accrue. Plaintiffs submit that they should be awarded pre-judgment interest since May 4, 2020, the date the District Court approved the Settlement Agreement in this case. ECF No. [320-2] at 2. In addition, Plaintiffs request that post-judgment interest be awarded from the date the final judgment on attorneys' fees is entered. *Id.* At the hearing, Defendants argued that approval of the Settlement Agreement did not establish entitlement to attorneys' fees, and as such, pre-

judgment interest could not have accrued until the District Court entered its August 20, 2021 Order establishing the amount of fees.  Defendants further argued that, following the August 20, 2021 Order, Plaintiff made no attempt to confer regarding the proposed final judgment until November 1, 2021, and as a result, interest should not be awarded for that period.  ECF No. [321] at 1.  At the hearing, Plaintiffs' counsel conceded that he made no attempt to confer with Defendants from August 20, 2021 through November 1, 2021 and agreed that interest should not be awarded for this period.

The Settlement Agreement in this case specifically provides that "Plaintiffs are the prevailing parties in the Action under Count I (FLSA) and Count II (Breach of Contract) for purposes of entitlement to attorneys' fees and costs . . . ."  ECF No. [215-2] at 2.  Thus, when the Settlement Agreement was approved in May 2020, the issue of **_entitlement_** to attorneys' fees was determined.  Although Defendants may have argued that Plaintiffs were entitled to zero dollars in attorneys' fees, entitlement was not at issue, only the **_amount_** was at issue.  As such, pre-judgment interest begins to run from the date of the entitlement, not the date where the Court determined the amount.  _See Mariposa Associates, Ltd. v. Regions Bank_, No. 13-23838-CIV, 2018 WL 4208251, at *1 (S.D. Fla. July 26, 2018) (concluding that pre-judgment interest on attorneys' fees accrues from the date of the order determining entitlement, not the date of the order determining the amount of fees to be awarded).

In its Final Judgment for Taxable Costs, the District Court determined that pre-judgment interest was to run from May 20, 2020.  _See_ ECF No. [313].  The undersigned sees no reason to deviate from this determination, and therefore finds that pre-judgment interest as to attorneys' fees should also run from May 20, 2020.  However, as Plaintiffs' counsel conceded, pre-judgment interest should not be awarded for the period between August 20, 2021 and November 1, 2021

5

because Plaintiffs' counsel made no effort during this period to confer with Defendants regarding the proposed final judgment requested by the District Court. In addition, the Court concludes that post-judgment interest should be awarded from the date the final judgement on attorneys' fees is entered. *See Martinec v. Party Line Cruise Co.*, 350 Fed. Appx. 406, 408 (11th Cir. 2009) ("It is appropriate to impose post-judgment interest on awards of attorneys' fees and costs in an FLSA case.").

The final issue before the Court is the rate at which pre-judgment and post-judgment interest should be set. Plaintiffs initially requested that pre-judgment and post-judgment interest be awarded at the rate of 3.58% because the Parties previously agreed to this rate for the purposes of costs. ECF No. [330] at 10–11. At the hearing, Plaintiffs' counsel stated that the number was simply the rough midpoint between the rate set by the state of Florida and the rate set for federal judgments by the Unites States Treasury. In the Reply, however, Plaintiff states that it no longer seeks the 3.58% rate, rather it seeks the Florida rate of 6.66% and 4.81% per annum. *Id.* at 7. Defendants argue that the Court should impose a rate of 0.15%, which is the rate authorized by 28 U.S.C. § 1961. ECF No. [321] at 4–5. Because the interest rates can be set within the Court's discretion, the undersigned finds that the previously agreed-upon rate of 3.58% is the appropriate rate for both pre-judgment and post-judgment interest. Plaintiffs' Reply seeking *more* than they originally requested is unfortunately typical of the unnecessary and contentious tactics often employed in this case. Indeed, the full Florida rate is not reasonable given that Plaintiffs already agreed to a lesser rate for the costs in *this* case, and that the issues before the Court were largely based on federal law. The length of time this has taken, which Plaintiffs' counsel cited as a basis for a higher rate, is as much of counsels' making as anything else. As such, affording them the higher rate to account for additional inflation is not necessary.

6

In sum, it is hereby **RECOMMENDED** that Plaintiffs' Motion, ECF No. [320], be **GRANTED IN PART AND DENIED IN PART**. A final judgment for attorneys' fees should be entered in Plaintiffs' favor in the amount of $140,683.08. Pre-judgment interest should be imposed at the rate of 3.58% from May 20, 2020 through the date of the judgment on attorneys' fees, except for the period between August 20, 2021 through November 1, 2021. In addition, post-judgment interest should be imposed from the date of the judgment on attorneys' fees at the rate of 3.58%.

Because the undersigned finds that both Parties are, again, responsible for this unnecessary briefing on a routine and ministerial issue, Plaintiffs' request for an order to show cause and for the attorneys' fees incurred in connection with the instant Motion should be **DENIED**. Finally, Plaintiffs' subsequent Expedited Motion for Separate Judgments for Principal and Prejudgment Interest, Inclusion of Orders Directing Completion of Fact Information Sheets, and to Strike Defendants' Notice of Filing, ECF No. [335], should be **DENIED AS MOOT**. Here, again, this motion (filed on Christmas Eve) seeking additional and expedited briefing (to take place over another holiday) on a routine and ministerial issue was entirely unnecessary and merited no response or further discussion.

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Judge by **close of business on Friday, January 7, 2022**. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020). The Court finds that the shortened period for objections is

appropriate given that a hearing was already held on this issue, the matter in any event is up to the discretion of the Court, and the interests of justice (and the Parties) are best served by a final resolution of this case as soon as is possible.

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on January 6, 2022.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE